DAVID W. BROWN, Calif. SBN 99389
Attorney at Law
665 Munras Ave., Suite 210
Monterey, CA 93940
Tel: (831) 649-8211
Fax: (831) 649-2376
Email: DavidWayneBrown@aol.com

Attorney for Plaintiffs
JASON J. ADAMSKI and
CHERYL A. ADAMSKI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

### SAN JOSE DIVISION

| | | |
|---|---|---|
| JASON J. ADAMSKI,<br>CHERYL A. ADAMSKI, | ) | No. _____ |
| | ) | **COMPLAINT FOR DECLARATORY** |
| Plaintiffs, | ) | **AND INJUNCTIVE RELIEF AND** |
| | ) | **DAMAGES: VIOLATION OF FIFTH** |
| -vs- | ) | **AMENDMENT TO UNITED STATES** |
| | ) | **CONSTITUTION AND CALIOFNRNIA** |
| PAMELA A. MARTIS, in her capacity | ) | **PENAL CODE SECTION 290.46** |
| as garrison commander, Presidio of | ) | |
| Monterey, United States Army, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiffs JASON J. ADAMSKI and CHERYL A. ADAMSKI complain of

defendant PAMELA L. MARTIS, and alleges the following against her:

### JURISDICTION AND VENUE

1. Subject-matter jurisdiction of this Court is invoked under 28 U.S.C. 1331,

"federal-question" jurisdiction, this action arising under the Fifth Amendment to the

United States Constitution. The Court also has supplemental jurisdiction over Plaintiffs'

claim under California Penal Code section 290.46(l)(4), by virtue of 28 U.S.C. Section

1367.

2. Venue of this action is proper in this judicial district by virtue of 28 U.S.C. Section 1391 because, among other things, a substantial part of the acts or omissions complained of occurred in this judicial district.

## THE PARTIES

3. Plaintiffs JASON J. ADAMSKI and CHERYL A. ADAMSKI are individuals over the age of 18 years and residents of Monterey County, State of California. They are both civilians and neither is a member of the United States military services or a dependent of any member of the United States military services.

4. Defendant PAMELA L. MARTIS is a colonel on active duty in the United States Army, and as such is the garrison commander of that military enclave known os the Presidio of Monterey in Monterey County, State of California, including but not limited to the Defense Language Institute in Monterey, the Presidio of Monterey Annex in Seaside, and the Ord Military Community also in Seaside, California.

## FACTS COMMON TO ALL COUNTS

5. On or about March 1, 2007, plaintiffs JASON J. ADAMSKI and CHERYL A. ADAMSKI entered into a written one-year lease, expiring on February 29, 2008, for rental of a single-family home, to be used as their residence, located on 204 Salerno Road, Seaside, Monterey County, California, within the boundaries of the Presidio of Monterey Annex and/or Ord Military Community. The lease was entered into with an entity known as The Parks at Monterey Bay, a partnership among entities known as Clark Realty and Pinnacle Realty, both California corporations or partnerships, the United States Army, and the United States Navy, pursuant to law and regulations appurtenant to the Military Housing Privatization Initiative Act of 1996, 110 Stats. 186 (February 1996), 10 U.S.C. Sections 2871 through 2885. On or about March 1, 2007, plaintiffs then moved into the property to occupy as their home. (Although the housing is intended primarily for members of the military and their families, it is also open, for now, to civilian residents.) Pursuant to the said lease, plaintiffs then entered into possession of the said real property for use as their home.

6. The said rented premises are located on the former Army base previously known as Fort Ord, in Monterey County, California. Much of that former Army base has been conveyed to surrounding municipalities and other entities. However, a portion of the former Fort Ord, known as the Ord Military Community and/or the Presidio of Monterey Annex, remains under Army command and exclusive federal jurisdiction. The Ord Military Community and/or Presidio of Monterey Annex is an open military community, in the sense that it is not guarded or fenced off from the now-civilian areas of the former Fort Ord. The area is accessible from roads which are now under civilian municipal ownership and control, and there are no guards, fences, or other clear barriers which separate it from the surrounding civilian communities of Seaside and unincorporated Monterey County. It is policed primarily by civilian federal police officers, not by military police. Therefore, the Army's power to generally exclude civilians from the area has been abandoned. (The Presidio of Monterey also includes an area in Monterey known as the Defense Language Institute, which is, in fact, a closed military base, but that area is not contiguous with the Ord Military Community and/or Presidio of Monterey Annex on which plaintiffs reside.) Defendant PAMELA L. MARTIS is the garrison commander of the United States Army garrison known as the Presidio of Monterey, which includes the open enclave of Ord Military Community / Presidio of Monterey Annex, and also includes the closed-base Defense Language Institute.

7. Plaintiff JASON J. ADAMSKI was convicted, in the state of Ohio, in 1999, of an offense known as "attempted gross sexual imposition" on a minor, an offense which requires him to register, pursuant to California law, as a sex offender with the local authorities. Said plaintiff complied with this law, and is, to date, in compliance with it. In late April or early May 2007, an unknown resident of Ord Military Community discovered, apparently from an Internet search of California's Megan's Law Internet database, that plaintiff JASON J. ADAMSKI was in fact a registered sex offender. This person reported the same to plaintiff's landlord, The Parks at Monterey Bay, which entity then advised other residents of Ord Military Community to that effect, in writing, though the written notice did not mention said plaintiff by his name or address, and in facts warned other residents to avoid illegal harassment of said plaintiff. A copy of that notice, undated, is

3

attached hereto as Exhibit A. However, on May 21, 2007, defendant MARTIS, in her capacity as garrison commander, mailed to plaintiff JASON J. ADAMSKI a letter, a copy of which is attached as Exhibit B, barring him, effective June 21, 2007, from the Ord Military Community, and thus barring him from living in his rented home. Effectively, said defendant, the garrison commander of an open military area, which is not bounded by any guards, fences, or any other visible boundaries, and is used for military and civilian housing, has unlawfully, and without due process, by threat of arrest and federal criminal prosecution for trespass under 18 U.S.C. Section 1382, evicted plaintiff JASON J. ADAMSKI from his home and has deprived him of the benefits of his lease.

### FIRST CAUSE OF ACTION (Fifth Amendment - Declaratory Relief)

8. Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 7 above.

9. The acts of defendant MARTIS, in evicting plaintiff JASON J. ADAMSKI from his leased home, under threat of arrest and federal criminal prosecution for a violation of 18 U.S.C. Section 1382, deprive said plaintiff of a property interest, namely a leasehold in his home, and also deprives him of his right to associate with his wife and newborn child while they continue to live on the premises. without due process and without compensation, in violation of the Fifth Amendment of the United States Constitution.

10. The acts of defendant MARTIS, as alleged above, deprive plaintiff CHERYL A. ADAMSKI of her right to associate with her husband while she and the plaintiffs' newborn child continue to live on the premises. without due process in violation of the Fifth Amendment of the United States Constitution.

11. An actual controversy exists, under which plaintiffs contend that defendant MARTIS' directive that JASON J. ADAMSKI move from his leased home, under threat of said arrest and federal criminal prosecution, violates plaintiffs' rights to due process under the Fifth Amendment of the United States Constitution, and defendant contends the converse, so that plaintiffs are entitled to declaratory relief.

4

## SECOND CAUSE OF ACTION (Fifth Amendment - Injunctive Relief)

12. **Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 11 above.**

13. **If not restrained from enforcing her directive that plaintiff JASON J. ADAMSKI refrain from entering or being within his home on and after June 21, 2007 under penalty of repeated arrest and federal prosecution under 18 U.S.C. Section 1382, plaintiffs will suffer irreparable harm, in that one of them will face repeated criminal prosecution for living at home, will be rendered homeless, and will be separated from his family, without any semblance of due process whatsoever and simply based on his status, and plaintiff CHERYL A. ADAMSKI will be forced to face the choice of (1) moving away with her husband and thus abandoning the real property in violation of the provisions of plaintiffs' lease, or (2) leaving herself and plaintiffs' newborn child without a father. Plaintiffs have no adequate remedy at law and are thus entitled to such injunctive relief.**

## THIRD CAUSE OF ACTION -Penal Code Section 290.46 - Injunctive Relief and Damages

14. **Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 13 above.**

15. **Defendant PAMELA MARTIS' giving plaintiff JASON J. ADAMSKI a letter barring him from his home is a misuse of the Megan's Law database authorized under California Penal Code section 290.64, and of information derived therefrom, in violation of California Penal Code section 290.46(l), so as to entitle plaintiffs to appropriate injunctive relief, treble damages and reasonable attorney's fees, or to a civil penalty not to exceed $25,000.00.**

16. **Defendants have suffered actual damages on account of extreme emotional distress at a vulnerable time in their lives, namely just as plaintiffs' newborn child has been born, on account of the threat, by defendant, to enforce her unlawful eviction order by having federal police arrest JASON J. ADAMSKI for trespassing under 18 U.S.C. Section 1382 if he does not move from his residence. Plaintiffs have suffered damages in the amount of $25,000.00 to date, and continue to suffer damages.**

5

WHEREFORE, Plaintiffs pray for relief as follows:

1. For issuance of a temporary restraining order directing that defendant, and all



Dear Parks at Monterey Bay Resident,

It has recently come to our attention that a registered offender is currently residing on the premises and we wanted our residents to be aware that such an individual is living in this community.

Please note that because of our legal obligations to respect the privacy rights of all of our residents, we cannot disclose the identity of this individual. In addition, penal code section 290.4 (e) (2) specifically prohibits us from taking any adverse action against this resident because of his or her registrant status. We must also enforce our lease agreement with respect to the registrant's right as well. Therefore, we cannot allow any harassment of this resident or other disruption of his or her quiet enjoyment.

Attached to this letter is an informational flyer created by the Staff Jude Advocate for the Presidio of Monterey, with endorsement from Command. This flyer addresses the details and legalities surrounding Megan's Law and any law applicable to this specific situation. We ask that you please note that paragraph six on the flyer announces a special town hall to further address this situation.

If you would like more information regarding this position, please contact the City of Seaside Police Department at (831) 899-6748.

Respectfully,

Stacia Schuster
Community Director
The Parks at Monterey Bay



Exhibit A



**DEPARTMENT OF THE ARMY**
UNITED STATES ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, US ARMY GARRISON, PRESIDIO OF MONTEREY
1759 LEWIS ROAD, SUITE 210
MONTEREY, CA  93944-3223

REPLY TO
ATTENTION OF                                        21 May 2007

Office of the Garrison Commander


Mr. Jason J. Adamski
204 Salerno Road
Seaside, California  93955

Dear Mr. Adamski:

As the Garrison Commander of the Presidio of Monterey and Ord Military Community, I hereby notify you that, effective June 21, 2007, you are barred from the Presidio of Monterey Base Complex, which consists of the Presidio of Monterey and the Ord Military Community.  Thereafter, you will not reenter or be found within the limits of the Presidio of Monterey Base Complex at any time unless federal judicial authorities or law enforcement personnel request your presence.  Any travel conducted on or within the Presidio of Monterey Base Complex pursuant to this exception shall be limited to the most direct route to and from the location where you are to appear.

This action is being taken because your residence in a military housing community as a registered sex offender affects the good order and discipline of the military community, which I am responsible for maintaining.  You failed to indicate on your rental application that you had been previously convicted of a felony sex offense, and your presence is affecting the well-being of other residents in the military housing community.  As the Garrison Commander, I must consider the entire community's welfare, well-being and security.

If you violate this notice, you are subject to prosecution for violating Title 18, Section 1382, of the United States Code, which reads in part as follows:

"Whoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station or installation, for any purpose prohibited by law or lawful regulation; or

Whoever reenters or is found within any such reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof –

Shall be fined under this title or imprisoned not more than six months, or both."

You are further informed that if you reenter or are found within the limits of the Presidio of Monterey Base Complex in violation of this directive, you will be subject to apprehension and detention by the Presidio of Monterey Police Department for prompt delivery to the appropriate civil authorities.

Sincerely,

*Pamela L. Martis*

Pamela L. Martis
Colonel, US Army
Commanding

_____          _____
Signed                                                        Date

Exhibit B